Frink *et al. v.* Ryan.

JOHN FRINK *et al.*, appellants, *v.* EDWARD G. RYAN, appellee.

*Appeal from Cook.*

An agreement to refer to arbitration does not oust the courts of law of their jurisdiction.

The general rule is that one partner cannot sue his co-partner at law, for any matter concerning the partnership, until there has been a settlement had between them, and a promise to pay the balance found due on the settlement; till that is done, the parties are restricted, in their remedies, to the action of account, and to proceedings in equity. But where there has been a dissolution, and a final settlement, and a note given for the balance ascertained to be due, with the stipulation that the errors and omissions in the settlement might be deducted as payments on the note, a court of law, in an action upon the note, has jurisdiction to allow such errors or omissions as a defence to the action upon the note. Such note is assignable, but the assignee takes it subject to all the equities existing between the original parties, in relation to the settlement.

*Semble,* That where partners settle without such stipulation, as to the correction of errors in the settlement, they would have to resort to a court of equity to correct them.

THIS cause was heard at the October term, 1841, of the Cook Circuit Court, before the Hon. Theophilus W. Smith and a jury. The defendants appealed to this Court. The facts sufficiently appear in the opinion of the Court.

GILES SPRING and J. YOUNG SCAMMON, for the appellants, relied upon the following points and authorities :

1. The agreement to refer, and to submit to arbitration, did not oust the Circuit Court of its jurisdiction to investigate the setoff which the defendants sought to prove by parol; nor did it deprive the defendants of their right to make any defence to said note. Kill *v.* Hollister, 1 Wils. 129 ; Goldstone *et al. v.* Osborne, 2. Car. & Payne 551 ; 6 Vesey 815 ; 14 Vesey 270 ; Mitchell *v.* Harris, 2 Vesey, Jr. 129 ; Thompson *v.* Charnock, 8 Term R. 134—40, (N. Y. ed. of 1834, 91) ; 2 Saund. Plead. 133 *e,* note f; Allegre *v.* Maryland Ins. Co., 6 Har. & Johns. 408 ; Randel *v.* Chesapeake, &c., Canal Co., 1 Harring. (Del.) 234 ; Gray *v.* Wilson, 4 Watts 39 ; Horton *v.* Stanley, 1 Miles 418 ; 3 Porter 239, citing 1 Wils. 129 ; 2 Bos. & Pul. 131 ; Gow. 96, 116, 125—7 ; 5 Term. R. 141 ; 8 Term R. 139. See, also, Aspinwall *v.* Towsey, 2 Tyler 328 ; Allen *v.* Watson, 15 Johns. 205 ; Bray *v.* English, 1 Conn. 498 ; Rowley *v.* Young, 3 Day 118.

2. Said agreement was inadmissible in evidence in this case.

3. The defence set up in this case would be inadmissible in any suit upon a promissory note; and, certainly, in this case, because the note upon which this action is brought is not absolutely assignable. Rawson *v.* Jones, 1 Scam. 291. ·

J. BUTTERFIELD and S. STRONG, for the appellee.

Strong contended that a court of law could not examine co-partnership accounts. Rogers *v.* Rogers, 1 Hall 391. That the ap-

pellants had waived their right to setoff, or deduct from the note the amount of the errors and omissions, by their covenant contained in the articles of dissolution. Pearl *v.* Wells, 6 Wend. 295. He also cited Larkin *v.* Robbins, 2 Wend. 505; and Towns *v.* Wilcox, 12 Wend. 503.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *assumpsit*, instituted in the Cook Circuit Court, by Ryan, the appellee, as the assignee of Noah Dodge, against Frink, Bingham, and Laflin, the appellants, to recover the amount of a promissory note, as follows:

" $1500.

" Four months after date, we jointly and severally, the first two as principals, and the last as security, promise to pay to Noah Dodge, or order, fifteen hundred dollars, with interest at the rate of twelve per centum per annum, for value received, subject, however, to such deduction (if any), in part or entire payment hereof, of such sum or sums of money chargeable to the account of Samuel G. Trowbridge, arising or growing out of the final settlement of the business matters of the late firm of Frink, Trowbridge & Company, which may have been omitted or erroneously charged at said settlement, over and above all credits to which the said Trowbridge may be entitled, and which may likewise have been omitted. Chicago, January 16th, 1839.

" JOHN FRINK,

" C. K. BINGHAM,

" MATTHEW LAFLIN."

On which note is the following endorsement:

" Pay to Edward G. Ryan, or order. 23d January, 1839.
" NOAH DODGE."

The defendants pleaded *non assumpsit*, and filed with their plea a notice, that on the trial, they would give in evidence in payment and extinguishment of the note, certain sums of money, properly chargeable to the account of Trowbridge, which had been omitted in the settlement referred to in the note. The cause was submitted to a jury, and a bill of exceptions taken, setting forth the evidence. From this, it appears, that after the plaintiff had read in evidence the note and endorsement, and rested his case, the defendants called a witness and offered to prove by him, certain sums of money by way of payment and extinguishment of the note, which were rightfully chargeable to the account of Trowbridge, growing out of the transaction referred to in the note, and which had been omitted in the settlement. To this proof, by parol, the plaintiff objected, and introduced a written agreement of even date with the note, made between Frink, Trowbridge, and Bingham, from which

it appeared that the partnership theretofore existing between them was dissolved; that Frink had purchased the interest of Trowbridge in the firm, and agreed to pay the debts of the firm; that the account of Trowbridge had been written up, and a balance of a considerable amount found due him from the firm. The agreement further provided, that all errors, omissions, and mistakes in the account of Trowbridge, were subject to be corrected and rectified, and in the event of any disagreement between them, concerning the correction of the account, it was to be referred to the arbitrament and award of certain individuals named in the agreement. It appeared also, in evidence, that the note grew out of the settlement referred to in the agreement, and was given in part payment of the balance found due to Trowbridge. The Court thereupon rejected the evidence offered by the defendants, deciding that the errors and omissions could only be ascertained and proved in the mode pointed out in the agreement. The jury found a verdict for the plaintiff for $1992.50, and judgment was rendered thereon. The defendants prosecute an appeal to this Court, and their assignment of errors questions the propriety of the decision of the Court in excluding the evidence offered by them. Three questions seem to arise for determination: *First.* Did the assignment of the note before the day of payment deprive the defendants of their defence? *Second.* Did the agreement to refer oust the courts of jurisdiction over the subject matter of the defence? *Third.* Can the defence be made at law?

*First.* The note, being for the payment of money, is assignable under our statute, so as to vest the title in the assignee, and enable him to bring a suit upon it in his own name. But he takes it, subject to any defence existing between the maker and the payee, which appears on the face of the note, or of which he had notice at the time of the assignment. This note contains on its face an express stipulation, that it is subject to deduction, in partial or entire payment, by the correction of any errors or omissions in the settlement, on which the note was founded. The stipulation is a part of the note, accompanying it every where, and is actual notice to the assignee, of the right of the makers to a particular defence. In this respect the plaintiff acquired no greater right than his assignor (the payee) had, and it is wholly immaterial, whether the note was assigned to him before or after it became due.

*Second.* Upon this point the authorities seem to be conclusive, that the agreement to refer did not oust the Court of its jurisdiction. A submission to arbitration, which is not made a rule of court, is regarded merely as an authority, subject to be revoked by either party, at any time before an award is made. If a party is injured by the revocation, he has his remedy by action on the bond of submission, or the covenant to refer. An agreement in articles of co-partnership, to refer to arbitration, any dispute arising

between the partners, cannot be pleaded in abatement, or in bar of an action at law, or a proceeding in equity, instituted for the purpose of having the same matter determined. (1)

In the case of Thompson *v.* Charnock (2) the Court says, " It has been decided again and again, that an agreement to refer all matters in difference to arbitration, is not sufficient to oust the courts of law or equity of their jurisdiction ;" nor will a court of equity decree the specific performance of an agreement to refer a matter to arbitration, but will leave the party complaining, to his remedy at law on the agreement. (3)

This view does not conflict with the decisions in the cases of Larkin *v.* Robbins, and Towns *v.* Wilcox, (4) cited by the plaintiff's counsel. In those cases, the parties, during the pendency of the suits, submitted the matters in difference to arbitration, and the Court held that the submission amounted to a discontinuance of the suits. It was regarded as a stipulation of the parties, to dismiss the suits. The Court there did not decide it was ousted of *its jurisdiction, or that the parties were estopped from commencing fresh actions for the same matters.*

*Third.* The general rule is undoubted, that one partner cannot sue his co-partner at law, for any matter concerning the partnership, until there has been a settlement had between them, and a promise to pay the balance found due on the settlement; till that is done, the partners are restricted in their remedies to the action of account, and to proceedings in equity.

In this case, there has been a dissolution and final settlement, and a note given for the balance ascertained to be due, with the stipulation that the errors and omissions in the settlement may be deducted as payments on the note. It was the intention of the parties, that this defence might be interposed to the note, in whosoever hands it might be. We have already shown, that the agreement to refer was not obligatory, and it follows that the defence can be made in the action at law, brought to recover the amount of the note, unless some rule of law forbids it. The principal reason why courts of law have refused to take jurisdiction of suits between partners is, the inconvenience of examining and adjusting complicated accounts, frequently of long standing, and occurring between parties reposing confidence in each other. That difficulty will be obviated in a great degree in the present case. The account which had been written up, and by which the parties settled, will be presumed to be correct, and the investigation will necessarily be confined to such items as it is alleged were improperly charged, and such other items as were overlooked in the settlement. The burthen of proof will, of course, devolve upon the party alleging the error. The plaintiff has selected the tribunal

(1) 6 Johns. 205; Watson on Arb. 7, 21; 2 Montague on Partn. 65.
(2) 8 Term R. 139.  (3) 6 Vesey 818; 2 Story's Eq. 679.
(4) 2 Wend. 505; 12 Wend. 503.

where he will have the rights of the parties heard and determined, and he ought not to complain, that a defence, which the parties to the note stipulated might be made, is now interposed. We are of the opinion the defendants have the right to make their defence in this action, but we base the opinion on the ground of the stipulation contained in the note. Where partners settle without any stipulation as to the correction of errors in the settlement, they would doubtless have to resort to equity, where matters of that nature are peculiarly cognisable.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*