[Civ. No. 25363. First Dist., Div. Three. July 28, 1969.]

ALAN HOSKING, Cross-complainant and Appellant, v. SPARTAN PROPERTIES, INC., et al., Cross-defendants and Respondents.

Alan Hosking, in pro. per., Cerf, Robinson & Leland, Donald G. Parachini and Frederick D. Gottfried for Cross-complainant and Appellant.

Bronson, Bronson & McKinnon, Thomas B. Swartz and Michael B. Wilmar for Cross-defendants and Respondents.

CALDECOTT, J.—This is an appeal from an order granting a motion to strike the cross-complaint of appellant Alan Hosking.

The First Western Bank, not a party to this appeal, commenced the action on a promissory note against Bay Vista Constructions, Inc. (Bay Vista), the maker of the note, and against the guarantors Spartan Properties, Inc. (Spartan), John C. Ray, and Alan Hosking. Attachment was issued against Hosking and levied against his real property.

Hosking answered the complaint and cross-complained against Bay Vista, Peter Koufos, Spartan and Ray. Cross-defendants demurred to the cross-complaint and moved to strike the cross-complaint. The cross-defendants filed an affidavit to support their motion. No counteraffidavit was filed by Hosking. The court granted a motion to strike the cross-complaint. No ruling was made on the demurrer.

The first issue raised concerns the legal effect of a speaking motion to strike. ■ A speaking motion is defined as a motion that is supported by facts outside the pleadings. (*Ler-*

*ner* v. *Ehrlich* (1963) 222 Cal.App.2d 168 at p. 171 [35 Cal. Rptr. 106].)

In the case of *Pianka* v. *State of California* (1956) 46 Cal.2d 208 [293 P.2d 458], as in the case at bar, the defendant filed an affidavit in support of its motion and the plaintiff did not file a counteraffidavit. The court in *Pianka* stated: "Defendant raised [his defense] by means of a procedure commonly called a 'speaking motion' which, although not authorized by statute, has been permitted by the courts under certain circumstances in the exercise of their inherent power to prevent an abuse of judicial process. [Citations.] However, nonstatutory speaking motions have now been superseded by the procedure governing motions for summary judgment contained in section 437c of the Code of Civil Procedure [footnote omitted]. This section was originally very limited in scope, but it has been broadened by a series of amendments and now applies 'in any kind of action' and provides that the 'word "action" . . . shall be construed to include all types of proceedings.' Under this section a motion supported by affidavit of a person having knowledge of the facts may be made after answer[1] whenever it is claimed that the action has no merit, and the complaint may be dismissed unless the other party shows facts sufficient to present a triable issue. The remedy afforded by this section is broad enough to cover all situations in which speaking motions have been employed, and there is therefore no longer any need for the nonstatutory procedure. In the interests of orderly and efficient administration of justice the litigant should be required to employ the statutory remedy, and a speaking motion to dismiss should be treated as a motion for summary judgment in order to preserve the safeguards provided by the statute."

The court then added that because this, the *Pianka* case, was the first time the question had been decided it would not hold to the rule but test the judgment by the rule of prior decisions. In subsequent cases, the rule has been followed. (*Lavine* v. *Jessup* (1957) 48 Cal.2d 611 at p. 614 [311 P.2d 8].)

In *Lerner* v. *Ehrlich, supra,* at page 172, the court said: "In light of the Supreme Court's directions in the *Pianka* case it seems clear that here the trial court was required to consider respondent Ehrlich's motion to strike as a motion for summary judgment and to decide it upon the basis of the

---

[1]Section 437c, Code of Civil Procedure, has since been amended to delete the requirement that an answer first be filed.

statutory requirements established by Code of Civil Procedure section 437c, as interpreted by decisions of the Supreme Court and District Courts of Appeal.''

The motion before the court was therefore in effect a motion for summary judgment. We now turn to a consideration of its merits.

The law is well settled that Code of Civil Procedure section 437c provides a method by which, if pleadings are not defective, the court may determine whether the triable issues apparently raised by them are real. (*Coyne* v. *Krempels* (1950) 36 Cal.2d 257 [223 P.2d 244].) The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. For these reasons, the affidavit of the moving parties, in this case the cross-defendants, should be strictly construed. If after an examination of the affidavit, doubt exists as to whether summary judgment should be granted, such doubt should be resolved against the moving party. *Snider* v. *Snider* (1962) 200 Cal.App.2d 741 [19 Cal. Rptr. 709].)

The appellant contends that the cross-defendants' affidavit is not in itself sufficient to sustain a judgment. This is correct. However, the moving party may rely upon his adversary's pleading to establish facts not contained in his affidavit (*Joslin* v. *Marin Municipal Water Dist.* (1967) 67 Cal.2d 132 at p. 148 [60 Cal.Rptr. 377, 429 P.2d 889]) and this affidavit, when considered in context with the appellant's cross-complaint, is sufficient to meet the test.

Further, a party cannot rely on his own pleading, in this case the cross-complaint, in lieu of an affidavit in opposition to a motion (*Joslin* v. *Marin Municipal Water Dist., supra*). Thus the cross-defendants' affidavit stands uncontradicted and no issue of fact is raised.

In considering the allegations of the affidavit and the admissions of the cross-complaint, the first cause of action of the cross-complaint is an action by one partner, Hosking, against another, Bay Vista, relative to a partnership transaction.

The law is well settled that one partner in a joint venture cannot sue another partner in law relative to a joint venture transaction but must resort to an equitable suit for dissolution and accounting. As stated in 3 Witkin, Summary of California Law (1960) 2282, ''The reason for this general rule is that it is ordinarily impossible to determine whether or

not the defendant partner is in fact indebted to the plaintiff partner until the partnership accounts are settled and the true standing of the parties has been ascertained.'' ''The general rule is subject to a number of exceptions arising where the reasons for denying the legal action do not exist, e.g., where there is no complex accounting involving a variety of partnership transactions, or where the item involved has been segregated *by agreement* from other partnership transactions. (See *Van Fleet-Durkee* v. *Oyster* (1952) 112 C.A.2d 739, 748, 247 P.2d 403).'' [Italics added.] ''The rule against actions at law is also inapplicable where the transaction is not connected with the business.''

 In the case at bar all parties agree that a partnership transaction is involved in the guarantee and there is no claim that the transaction was segregated by agreement of the partnership. The action at law was not proper in this case.

 The second cause of action sounds in misrepresentation and fraud and alleges that one Peter Koufos, an officer of Bay Vista, wrongfully induced the appellant to guarantee the note in question for a use not connected with the partnership. The allegations of the second cause of action would be sufficient to constitute a valid cause of action. However, as they were denied by the cross-defendants' affidavit and no counter-affidavit was offered by appellant, there is no fact to be tried and the affidavit together with the cross-complaint is sufficient to support the trial court's action.

 As to the third cause of action, the law in California is well settled that an obligor who has paid nothing on the obligation cannot recover from his co-obligors for their proportionate share of the debt. Civil Code, section 1432 provides: ''A party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all parties joined with him.'' (See *Jackson* v. *Lacy* (1940) 37 Cal.App. 2d 551 [100 P.2d 313]; 4 Witkin, Summary of Cal. Law, 2864.)

 Here the cross-complainant does not allege that he has made any payment on the note and his counsel admits he has not, so he has no right to reimbursement from his co-obligors, and in effect no cause of action has been stated.

The order of the trial court is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.