BALCOR INCOME PROPERTIES, LTD., Plaintiff-Appellant, *v.* ARLEN REALTY, INC., Defendant-Appellee.

First District (2nd Division)    No. 80-2339

Opinion filed April 21, 1981.—Rehearing denied May 26, 1981.

Donald E. Egan and Lee Ann Watson, both of Katten, Muchin, Zavis, Pearl & Baller, of Chicago, for appellant.

Malcolm S. Kamin and Glen M. Zatz, both of Arvey, Hodes, Costello & Burman, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Balcor Income Properties (Balcor) brought an action against Arlen Realty, Inc. (Realty), and Arlen Management Corp. (Management), alleging breach of contract and breach of fiduciary duty. Counts I and III of the complaint set out Balcor's claims against Management; counts II and IV set out identical claims against Realty. On Realty's motion, the trial court dismissed counts II and IV. Realty is Balcor's partner in two partnerships, and the trial court based its decision on the general rule that one partner cannot sue another partner prior to final settlement of the partnership's affairs. Balcor has appealed.

Balcor is an Illinois limited partnership. Realty is a Pennsylvania corporation. Management is a New York corporation, and a wholly owned subsidiary of Realty. In 1976, Balcor and Realty entered into two

partnership agreements. One partnership, Fairview Associates, was organized under the laws of Kentucky to acquire and manage a shopping center in Bowling Green, Kentucky. The other partnership, Mercury Associates, was organized under the laws of Tennessee to acquire and manage a shopping center in Murfreesboro, Tennessee. Balcor and Realty are the only partners in each of the two partnerships. The two partnership agreements are identical in all matters relevant to this appeal, and are hereinafter referred to collectively as the partnership agreements.

Under the partnership agreements, Balcor had the exclusive right to manage the properties, but was permitted to employ outside agencies to provide management services. The agreements also permitted the partnerships to deal with subsidiaries and affiliates of the two partners. Pursuant to these provisions, Balcor employed Management to operate the two shopping centers. Balcor's claims against Management are predicated on Management's alleged breach of its contracts with the partnerships, as evidenced by incompetent administration of the two shopping centers. Balcor's claims against Realty are predicated on an alleged agreement by Realty to guarantee Management's performance under the two management contracts, and on the supposition that Realty is the *alter ego* of its wholly owned subsidiary, Management.

■■ The general rule is that one partner cannot sue a co-partner on a matter concerning the partnership until there has been a final settlement of the partnership accounts. This long-standing rule was cited in *Frink v. Ryan* (1841), 4 Ill. 322, 326, and has been repeated most recently in *Schlossberg v. Corrington* (1980), 80 Ill. App. 3d 860, 866, 400 N.E.2d 73. The rationale behind the general rule is that the resolution of disputes between partners on partnership matters usually entails a complete accounting in order to ascertain that the partner who claims some amount from his co-partner is not in fact liable to his co-partner in connection with some other partnership debt. (See *Mayhew v. Craig* (1929), 253 Ill. App. 238, 241; *Fulton v. Baxter* (Okla. 1979), 596 P.2d 540, 542.) Some older cases also refer to the rule that a party cannot be both plaintiff and defendant in an action at law. (See *Hall v. Kimball* (1875), 77 Ill. 161, 163; *Kipp v. McChesney* (1872), 66 Ill. 460, 462; *Funk v. Kempton* (1905), 123 Ill. App. 100, 103-04, *appeal dismissed* (1906), 221 Ill. 436, 77 N.E. 683.) This prohibition could apply where a partner sues or is sued by his own partnership; such a partner is on both sides of the lawsuit, since he is a member of the partnership.

There are numerous exceptions to the general rule that a partner cannot sue a co-partner prior to the final accounting. (See generally *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 708-09, 300 N.E.2d 512, quoting *Pugh v. Newbern* (1927), 193 N.C. 258, 261, 136 S.E. 707, 708-09.) Many cases have looked to the reasons for the general rule in defining

exceptions to the rule; where the court has found the rule's rationale inapplicable, the rule has not been applied. (See, *e.g., Mayhew*, at 242; *Fulton*, at 542; *Lau v. Valu-Bilt Homes, Ltd.* (1978), 59 Haw. 283, 290, 582 P.2d 195, 200.) In *Mayhew v. Craig*, cited by the trial court, the appellate court reasoned that the general rule does not apply to a lawsuit brought by one partner against a co-partner when the damages sought belong exclusively to the plaintiff partner, and not to the firm. In such a case, the partnership's accounts are not affected, so a final settlement need not be a precondition to the partner's right to sue his co-partner. (*Mayhew*, at 241.) In the instant case, Balcor acknowledges that it brought the action on behalf of the partnership, and not solely for its own benefit. The trial court, relying on *Mayhew*, concluded that Balcor had no right to sue Realty prior to a final settlement of the partnership accounts.

■■ The *Mayhew* opinion stated that the test of a partner's standing to sue his co-partner is whether the damages sought belong exclusively to the suing partner, and not to the firm. (See *Mayhew*, at 241.) Although the rule as stated in *Mayhew* could be applied to the case at bar, we believe that such an application is unwarranted, since the instant case presents an issue not present in *Mayhew*: whether the partnership can sue a member partner, prior to settlement, when the recovery will accrue to the partnership but the matter sued on is sufficiently distinct from other partnership affairs so as not to require a full accounting. Defendant Realty argues that the matter can never be separable from the partnership's accounts when any recovery would go into the partnership's coffers. We are of the opinion that the final repository of the award is not the controlling criterion. The better rule, as followed by recent cases from other jurisdictions, is a practical one: a partner or a partnership can bring an action against a co-partner if the plaintiff's claim can be decided without a full review of the partnership accounts. See generally *Lau v. Valu-Bilt Homes, Ltd.* (1978), 59 Haw. 283, 290, 582 P.2d 195, 200; *Smith v. Hurley* (Ariz. App. 1978), 121 Ariz. 164, 168-69, 589 P.2d 38, 42-43; *Roberts v. Astoria Medical Group* (1973), 43 App. Div. 2d 138, 139, 350 N.Y.S.2d 159, 161; *Stein v. Jung* (Mo. App. 1973), 492 S.W.2d 139, 145; *Hosking v. Spartan Properties, Inc.* (1969), 275 Cal. App. 2d 152, 157, 79 Cal. Rptr. 893, 896.

■■ In the case at bar, Balcor alleges that Management violated its contracts with the partnerships, and that the partnerships incurred damages in the amount of $169,926. Balcor further alleges that Realty undertook to guarantee Management's performance, and is therefore liable to the partnerships in the same amount. The partnerships' accounts are no doubt complex, since they control the distribution of profits and the allocation of expenses for two shopping centers. The issues of the instant case, however, spring from Management's contracts with the

partnerships, and may be resolved without resort to a full accounting of the partnerships. Since the rationale of the general rule is inapplicable, the rule prohibiting suits between co-partners cannot logically apply here. *Cf. Hosking v. Spartan Properties, Inc.* (1969), 275 Cal. App. 2d 152, 157, 79 Cal. Rptr. 893, 896 (where the reasons for the general rule do not apply, the rule should not be followed).

Another historical justification for the general rule was the principle that a party cannot be both plaintiff and defendant in an action at law. This rule referred to actions at law, and was never applied to suits in equity. (See *Durburow v. Niehoff* (1890), 37 Ill. App. 403, 414.) The merger of law and equity has eliminated the distinction on which this rule was based, and the circumstances of the instant case provide no compelling reason to follow this obsolescent adage. (See *Catron v. Watson* (1970), 12 Ariz. App. 132, 136, 468 P.2d 399, 403 (Jacobson, J., specially concurring).) There is no reason to believe that Balcor's lawsuit is collusive, or that the parties are not in an adversary position. The issues presented are susceptible of resolution at trial, and the trial court erred in dismissing the complaint.

The judgment below is reversed, and the cause remanded for further proceedings in the trial court.

Reversed and remanded.

HARTMAN, P. J., and DOWNING, J., concur.