Edna A. Olson, Appellee, v. Peter Pan Bakery, Inc.
and George Komarec, Appellants.

Gen. No. 10,228.

Opinion filed
April 20, 1948. Released for publication May 10, 1948.

Burrell & Burrell, of Freeport, and Ward & Ward, of Sterling, for appellants; David M. Burrell, of Freeport, of counsel.

Bull, Yost & Lundens, of Morrison, for appellee; Karl Yost, of Morrison, of counsel.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

On March 5, 1946, Edna A. Olson was riding in an automobile with her sister-in-law, Verna A. Manon, on Illinois State Highway Route No. 26. Their destination was Madison, Wisconsin. They were traveling in a northerly direction. The Peter Pan Bakery, Incorporated, was the owner of a certain motor vehicle, to-wit: a bread truck, which was being driven by George Komarec, as the agent and employee of said Peter Pan Bakery Company. This vehicle was being driven in a northerly direction on said route 26, in Whiteside county, Illinois. The bakery truck had mechanical trouble, and had stopped on the pavement, and the car driven by Mrs. Manon, crashed into the rear of the bakery truck. Edna A. Olson was injured in this collision.

Edna A. Olson started a suit in the circuit court of Whiteside county, against the Peter Pan Bakery, Inc., and George Komarec, the driver of the truck. She alleged that she was injured, and damaged by the defendants' negligence in leaving the truck standing on the paved highway, contrary to the statute, relating to motor vehicles. She also alleged that she was, at all times, in due and proper care for her own safety. The defendants filed an answer denying any and all negligence on their part, and claimed that it was the contributory negligence of the plaintiff, which was the proximate cause of her injuries. The case was submitted to a jury who found the issues in favor of the plaintiff, and assessed her damages at $6,500.

The defendants entered a motion for a new trial, also for judgment notwithstanding the verdict. Both of these motions were overruled by the trial court, and judgment was entered in favor of the plaintiff for $6,500. It is from this judgment that the defendants have perfected an appeal to this court.

We do not express any opinion whether the evidence shows that the plaintiff was in the exercise of due care for her own safety at the time of the collision, or whether the defendant was guilty of negligence, as

charged by the plaintiff, as the case will have to be reversed because of erroneous instructions.

Plaintiff's instructions No. 3 and 4 are as follows: "(3) You are instructed that under the law of this state, it is negligence to stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main-traveled part of a highway when it is practical to stop, park or so leave such vehicle off such part of said highway unless it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position. (Given.) (4) You are instructed that in every event a clear and unobstructed width of at least twenty feet of such part of·a highway opposite a standing vehicle shall be left for the free passage of other vehicles and, further, that a clear view of such standing vehicle shall be available from a distance of 200 feet in each direction upon the highway, unless the vehicle is disabled while on the traveled portion of the highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle. (Given.)"

The form of instruction No. 3 has been repeatedly condemned, both by our Supreme and Appellant Courts. In the case of *Adamsen v. Magnelia,* 286 Ill. App., 412, was a Second District case, and we there used this language: "An instruction which directs a verdict on facts recited in the instruction (probably not good practice) must state all the substantive and controlling facts of the case, and if it does not, no other instructions will cure the defect. We quote from *Pittsburg, C., C. & St. L. Ry. Co. v. Banfill,* 206 Ill. 553, 556: 'They (the instructions) are argumentative, and seek to raise questions not proper to be submitted to the jury. They violate the rule often announced by this court, that instructions which attempt to specify what conduct on the part of a plaintiff is imprudent or negligent should be refused, those being questions of fact for the jury to determine from all the evidence. (*Illi-*

nois *Central Railroad Co. v. Griffin,* 184 Ill. 9; *Chicago, Burlington and Quincy Railroad Co. v. Pollock,* 195 id. 156; *Chicago & Eastern Ill. R. R. Co. v. Huston,* 196 id. 480.) In the latter case we said that it is not proper for an instruction to tell the jury what acts or omissions constitute negligence, or that it was the duty of the deceased to have looked and listened,' . . .'' ·

In *Adamsen v. Magnelia, supra,* we cited the case of *Illinois Cent. R. Co. v. Griffin,* 184 Ill. 9. In passing upon the instruction complained of in that case, the court uses this language: ''The instruction, in effect, informs the jury that plaintiff was imprudent in driving over the railroad track, and for this reason, if for no other, it was properly refused. It was for the jury to determine, from the evidence, whether plaintiff was negligent or imprudent, and it was not the province of the court to tell the jury that a certain act was imprudent or negligent. Moreover, all that was contained in the instruction proper for the jury was given in appellant's second instruction.'' This court also condemned a similar instruction in *Peters v. Madigan,* 262 Ill. App., 417, and in *Hanneken v. Eichler,* 332 Ill. App. 437. To the same effect is *Coukoulis v. Schwartz,* 297 Ill. App. 377, and *Stivers v. Black & Co.,* 315 Ill. App. 38 and *Rasmussen v. Wiley,* 312 Ill. App. 404.

The fourth instruction is not clear what is meant when it states: ''You are instructed that in every event a clear and unobstructed width of at least twenty feet of such part of the highway, . . .'' It appears to be taken from a part of one section of the statute, which also includes part of instruction No. 3, but the instruction is given as a complete instruction, and would tend to confuse a jury. It is true that plaintiff's given instruction No. 7, is that the jury should consider these instructions as a series, and not disregard any one, or more of said instructions. If instruction No. 4, is based on No. 3, it is clearly bad, because No. 3 is bad. As before stated, the case must be

reversed for the giving of these two erroneous instructions.

The appellant has assigned error that the court erroneously refused to give their tendered instruction No. 25. We think the court properly refused this instruction, as there was no evidence on which to base the instruction; namely, that Mrs. Manon was the agent of the plaintiff, Edna A. Olson.

*Reversed and remanded.*