NORMAN M. SCHLOSSBERG, Plaintiff-Appellant, *v.* LOUIS E. CORRINGTON, JR., Defendant-Appellee.

First District (1st Division)   No. 78-1282

Opinion filed January 21, 1980.

Fisch & Lansky, of Chicago, for appellant.

Arvey, Hodes, Costello & Burman, of Chicago (Rosemarie J. Guadnolo and Donald F. Spak, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On July 15, 1976, Norman M. Schlossberg filed suit seeking dissolution of partnership and an accounting. The trial court dismissed the suit, but granted leave to replead. On November 14, 1976, Schlossberg filed an amended complaint. In his amended complaint Schlossberg sought dissolution of partnership and an accounting or, in the alternative, damages. The trial court granted Corrington's motion to dismiss the complaint. Schlossberg appeals. On appeal, Schlossberg contends that: (1) the partnership had never been dissolved; (2) the action for an accounting was not barred by laches; and (3) the bar of the statute of limitations was avoided by alleging defendant's promises, made after the statute had run, to pay the debt which arose from the partnership's dealings.

We affirm.

On July 15, 1976, Norman M. Schlossberg filed a complaint for the dissolution of partnership and an accounting. The trial court dismissed this complaint and granted leave to replead. On November 14, 1976, Schlossberg filed a two-count amended complaint. Count I contained a prayer for dissolution of partnership and an accounting. Count II was brought for the recovery of money. Because the complaint was dismissed on the pleadings, a summary of the allegations therein is necessary.

In count I, Schlossberg alleged that he and Louis E. Corrington formed a partnership on October 28, 1959, for the purpose of trading stocks and securities. The partnership agreement was oral in nature, and each partner agreed to contribute equal capital and share profits and losses equally.

Both parties contributed capital to the partnership, but Corrington would not contribute his proportionate share. He did, however, make periodic payments of $500 between September 1963, and December 1965. When the partnership ceased doing business in 1965, $28,743.86 was allegedly due to Schlossberg. The amount accrued as a result of Corrington's failure to contribute his share of capital and pay his share of losses in contravention of the partnership agreement. From time to time, Schlossberg demanded that Corrington account for the monies due and owing. Because Corrington did not pay his share of losses, Schlossberg was forced to and did pay Corrington's share of monies paid out by the partnership. For these reasons, Schlossberg filed suit seeking a dissolution of partnership and an accounting.

In the second count for the recovery of money, Schlossberg realleged those facts in count I relating to the formation and purpose of the partnership. He also alleged that the partnership ceased doing business in 1965, but that in December 1972 and August 1974, after the running of the statute of limitations, Corrington made new and unconditional promises to pay the monies owed by him to Schlossberg. He further averred that these promises were binding on Corrington. In count II, he sought a judgment for $28,743.86.

The trial court granted Corrington's motion to dismiss the complaint. Count I was dismissed by reason of the statute of limitations and laches. Count II was dismissed by reason of the statute of limitations and failure to state a cause of action.

On appeal, Schlossberg contends that the partnership had never been dissolved and that therefore his prayer for dissolution was valid. He further argues that his prayer for an accounting was not barred by laches or the statute of limitations because, until there had been a dissolution of the partnership, no action for an accounting could be brought.

■■ The term "dissolution" is defined in the Illinois Uniform Partnership Act (UPA), as "* * * the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." (Ill. Rev. Stat. 1977, ch. 106½, par. 29.) A partnership may be dissolved either by judicial order or by operation of law. Section 32(1) of the UPA provides for a judicial order of dissolution for various reasons upon application by or for a partner. Although not expressly stated on the face of the amended complaint, Schlossberg's suit for dissolution was presumably brought pursuant to this section.

■■ However, an obvious prerequisite to a dissolution of a partnership is its actual existence at the time dissolution is sought. In *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790, the supreme court said:

> "Because the judgment was entered upon allowance of defendant's motion to dismiss, all facts properly pleaded in the complaint must be taken as true. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill.2d 93, 96.) This court has repeatedly held that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover. (*Fechtner v. Lake County Savings & Loan Association* (1977), 66 Ill.2d 128; *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill.2d 298; *Winnett v. Winnett* (1974), 57 Ill.2d 7; *Miller v. DeWitt* (1967), 37 Ill.2d 273.)" (72 Ill. 2d 179, 187, 380 N.E.2d 790, 794.)

To the same effect is *Walker v. Rumer* (1978), 72 Ill. 2d 495, 502, 381 N.E.2d 689, 692. We find that count I of the complaint contains sufficient factual allegations indicating that the partnership was dissolved in 1965. Schlossberg stated twice in his complaint that the partnership ceased doing business in 1965. A reasonable inference from this fact is that neither party was thereafter associated with the carrying on of the partnership affairs. In light of the definition of dissolution stated above, it may be concluded that the partnership was dissolved in 1965.

■■ In the absence of any agreement to the contrary, a partner's right to an accounting accrues at the date of dissolution. (Ill. Rev. Stat. 1977, ch. 106½, par. 43.) Therefore, Schlossberg's right to bring an action for an accounting arose in 1965 when the partnership was dissolved. Because an action for an accounting must be brought within 5 years from the date of dissolution (*Trecker v. Trecker* (1948), 334 Ill. App. 263, 78 N.E.2d 843 (abstract)), Schlossberg's right to maintain such an action expired in 1970. In the case at bar, the complaint was not filed until 1976, 11 years after the cause of action arose, and 6 years after the statute of limitations had expired. Therefore, Schlossberg is precluded from maintaining an action for an accounting by reason of the statute of limitations.

●■ ■ Furthermore, Schlossberg's claim for an accounting was also barred by laches. Laches is generally defined as " 'such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity.' " (*Mitchell v. Simms* (1979), 79 Ill. App. 3d 215, 218, 398 N.E.2d 211, quoting *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552, 147 N.E.2d 341, 344.) However, where a legal remedy is available for the same claim, a court of equity may look to the legal

limitation period to determine if a cause of action is barred by laches. (*Rakstiene v. Kroulaidis* (1975), 33 Ill. App. 3d 1067, 339 N.E.2d 447.) In *Rakstiene,* the court explained that, "where the period of delay exceeds [the legal] limitation period, equity follows the law by adopting that limitation period as the period constituting laches as well." (33 Ill. App. 3d 1067, 1072, 339 N.E.2d 447, 451.) Also, in cases such as this where suit is not filed until after the expiration of the legal limitation period, the general rule requiring that the adverse party demonstrate prejudice resulting from the delay in filing suit is inapplicable. In fact, a party seeking relief after the statutory period has elapsed must affirmatively explain in the complaint the reason for the delay and unexplained, unreasonable delays will bar relief in equity. *Nelson v. Wilson* (1928), 331 Ill. 11.

■■ Laches is apparent on the face of the amended complaint. As discussed above, the right to maintain an action for an accounting expired in 1970. This time period may be adopted as the period constituting laches. Because Schlossberg did not bring this action until 1976, and failed to explain the delay in the complaint, he is barred from maintaining an action under the doctrine of laches.

Schlossberg also contends that the trial court erred by dismissing count II of the complaint in which he sought damages. He argues that by pleading Corrington's subsequent promises to pay the debt, the factual issue of whether these promises were actually made was raised. He further contends that if such promises existed, the bar of the statute of limitations was thereby avoided and his action was not barred.

■■ The effect of unconditional promises to pay a debt made after the expiration of the statute of limitations is to remove the bar of the statute (25 Ill. L. & Prac. *Limitations* §131 (1956)); however, the underlying claim must still be proved (*Kimmel v. Schwartz* (1828), 1 Ill. (Breese) 278). Here, the underlying claim is tantamount to an accounting. In count II Schlossberg alleged that the damages accrued as a result of the partnership's dealings. In fact, the amount prayed for is equal to the amount which would have been found due had an accounting been taken. In order to prove the amount due and owing to Schlossberg, an inquiry into the partnership transactions and the profits, losses, and expenses incurred therefrom would have been necessary.

●■■ As discussed previously in this opinion, Schlossberg's action for an accounting is barred by laches. Laches is a defense which goes directly to the issue of whether a plaintiff has stated an equitable cause of action. (*Holland v. Richards* (1955), 4 Ill. 2d 570, 123 N.E.2d 731.) Therefore, a finding of laches means that no equitable cause of action has been stated. A subsequent promise to pay only removes the bar of the statute of limitations and does not operate to create a cause of action where one did

not otherwise exist. Hence, if Schlossberg had been allowed to proceed on count II, he would in essence be proceeding on an unjust and inequitable cause of action. Because the action for an accounting was barred by laches, the action for damages based on the same partnership transactions is also barred.

● We also note that one partner may not maintain an action against another partner until there has been a settlement of the partnership affairs. In *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512, the court, quoting from *Mayhew v. Craig* (1929), 253 Ill. App. 238, 241, stated that the general purposes of this rule are:

> " '1.) a dispute of this nature ordinarily involves the taking of a partnership account, for, until that is taken, it cannot be known that plaintiff is not liable to refund even more than he claims in the particular suit; 2.) in partnerhip transactions a partner does not as a rule become a creditor or the debtor of a copartner, but of the firm.' " (13 Ill. App. 3d 699, 708, 300 N.E.2d 512, 518.)

In the case at bar, no accounting had been taken and Schlossberg is therefore precluded from maintaining an action for the recovery of money against Corrington. The fact that the partnership had been dissolved does not change this general rule. *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512.

For the foregoing reasons, we affirm the judgment of the trial court dismissing count I by reason of the statute of limitations and laches and count II by reason of the statute of limitations and failure to state a cause of action.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.