In re Walter ASCHER, Debtor.

ALL AMERICAN LAUNDRY SERVICE, INC., an Illinois corporation, Michael Brogan, Edward Long and James Kelly, Plaintiffs, Counter–Defendants,

v.

FIRST STATE BANK OF HARVARD, as Trustee under Trust No. 355, dated November 1, 1985, Walter Ascher, and David E. Grochocinski, as Trustee for Walter Ascher, Defendants, Counter–Plaintiffs.

Dorothy SCHAUWECKER, Plaintiff, Counter-defendant,

v.

Walter ASCHER and David E. Grochocinski, as Trustee of the Estate of Walter Ascher, Defendants, Trustee as Counter–Plaintiff.

Bankruptcy No. 90 B 10559.
Adv. Nos. 90 A 702, 90 A 753.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 31, 1992.

Dennas Heffner, Chicago, Ill., Office of U.S. Trustee.

David E. Grochocinski, Grochocinski & Grochocinski, Palos Hills, Ill., trustee.

Charles S. Stahl, Jr., Wildman Harrold Allen & Dixon, Chicago, Ill.

Zachary M. Bravos, Bravos & Trapp, Wheaton, Ill., for Walter Ascher.

Donald C. Shine, Kristen E. Crisp, Nisen & Elliott, Chicago, Ill., for All American Laundry Service, Michael Brogan, Edward Long and James Kelly.

Howard J. Stein, Denise A. DeLaurent, Holleb & Coff, Chicago, Ill.

Kevin William Bloese, Vescelus Powell & Stock, Wheaton, Ill.

L. Judson Todhunter, Mark C. Amador, Gallagher & Joslyn, Oakbrook Terrace, Ill., for trustee.

## MEMORANDUM OPINION ON SCHAUWECKER'S MOTION FOR SUMMARY JUDGMENT AGAINST TRUSTEE'S CONDITIONAL COUNTERCLAIM

JACK B. SCHMETTERER, Bankruptcy Judge.

### INTRODUCTION

The subject Adversary case Nos. 90 A 702, *All American Laundry Service, Inc. et al. v. First State Bank of Harvard et al.*, and 90 A 753, *Schauwecker v. Ascher*, have been consolidated for trial. The two Adversary cases relate to the Chapter 7 bankruptcy proceeding of Walter Ascher ("Ascher"). Plaintiffs in each case are su-

ing for control of a commercial laundry business originally purchased from Royal Laundry Systems ("Royal"). Dorothy Schauwecker ("Schauwecker") also seeks to recover $300,000 from Ascher and a declaration that such debt is non-dischargeable under § 523 of the Bankruptcy Code. David Grochocinski is the Chapter 7 trustee for the estate of Ascher ("Trustee") and is a defendant in these Adversary proceedings. He has adopted the counterclaim filed by Ascher against plaintiffs in the *All American* case, and thereby seeks damages and an accounting based on the plaintiffs' alleged seizure of the commercial laundry business. He also filed a conditional counterclaim against Schauwecker seeking damages against her if he prevails in these Adversary proceedings and on his counterclaim against the other plaintiffs. The basis for his conditional counterclaim is that Schauwecker is alleged to be a partner of the other plaintiffs and is therefore jointly and severally liable for their actions.

Schauwecker has moved in case No. 90 A 753 for summary judgment on the Trustee's conditional counterclaim pursuant to Fed.R.Bankr.P. 7056 (Fed.R.Civ.P. 56). She argues that there is no genuine issue of fact on the issue of whether she and Ascher were co-partners, and contends that co-partners cannot be liable to one another for damages as a matter of law. She also seeks sanctions against the Trustee pursuant to Fed.R.Bankr.P. 9011 (Fed.R.Civ.P. 11) for filing his conditional counterclaim. For reasons discussed below, the conditional counterclaim against Schauwecker is stricken with leave to the Trustee to amend, and her motion for Rule 11 sanctions is denied. Schauwecker's motion for summary judgment is being held in abeyance. If the Trustee does not seek to amend his complaint to seek a partnership accounting against her, summary judgment will be granted on her motion.

## THE PLEADINGS

Plaintiffs seek accountings from Ascher (now against Trustee) for their benefit. The Trustee seeks an accounting from the *All American* plaintiffs. Further, this liti-gation will decide who owns and controls the ongoing commercial laundry business acquired from Royal through an asset purchase agreement (the "Agreement") dated August 28, 1987. Schauwecker's First Amended Complaint, Exhibit 2. Royal then operated the commercial laundry business at 200 East Frisco Boulevard in Harvard, Illinois. Assets listed in the Agreement consisted of laundry equipment and related items then owned or leased by Royal. The Agreement transferred all of Royal's assets to Ascher.

Ascher entered into the Agreement "on behalf of an entity to be formed." Exhibit 2, at p. 1. In late 1987 or early 1988, Ascher formed All American Laundry Service, Inc. (the "Corporation"), and caused 10,000,000 shares of stock to be issued. The Corporation was formed for the purpose of operating a commercial laundry business. Ascher also formed a partnership called All American Leasing (the "Leasing Partnership"), and all plaintiffs apparently contend that they are partners in this entity. However, the plaintiffs in the two cases do not allege that they are partners with each other.

The purpose and function of the Leasing Partnership are in dispute. Ascher and the plaintiffs in *All American* allege that the Leasing Partnership was set up for purposes of creating a tax deduction for the partners. The plaintiffs in *All American* allege that Ascher proposed that the Corporation transfer ownership of the assets to the Leasing Partnership, and then have the Leasing Partnership lease the assets back to the Corporation which would operate the commercial laundry business. Tax deductions would be obtained by having the Leasing Partnership recognize losses based on depreciation of the assets and then passing on those losses on to the partners. The plaintiffs in *All American* allege that this sale and lease-back transaction never occurred because they questioned the propriety of both taking a tax deduction from the Leasing Partnership and owning stock in the Corporation. Ascher alleges that the transaction never occurred because these plaintiffs wrongfully seized the business

before the transaction could be consummated.

Schauwecker has a different conception of the partnership. When she demanded an accounting of the Leasing Partnership's activities, she referred to it as "ALL AMERICAN LEASING d/b/a ALL AMERICAN LAUNDRY, INC." Schauwecker's Amended Complaint at ¶ B. Therefore, it appears from her pleadings that Schauwecker believes the Leasing Partnership owns the Corporation's shares. The relationship of the Leasing Partnership to the laundry business will be an issue for trial.

Plaintiffs in *All American Laundry Service et al. v. First State Bank of Harvard et al.* are Michael Brogan, Edward Long, and James Kelly (hereinafter referred to collectively as the "*All American* plaintiffs"). They collectively owned 10,247 shares in United Parcel Post of America, Inc. ("UPS") which they pledged to Commercial Bank of Berwyn as collateral for a $668,000 loan.[1] They allege that the loan from this bank was used to purchase Royal's assets, and contend that Ascher represented they would own a commercial laundry business as a result of their pledge of UPS stock to obtain the loan. Therefore, the *All American* plaintiffs claim to be constructive owners of over 68% of the Corporation's stock. They say that Ascher owned .003% of the stock and Schauwecker owns the rest. It is apparent from their pleadings and the Trustee's counterclaim that the *All American* plaintiffs have taken control of the business, and that an issue at trial will be the legality of that action.

Schauwecker alleges that she endorsed a $300,000 check over to Ascher to be used for "partnership purposes". Schauwecker's First Amended Complaint at ¶ 13. Ascher then endorsed that check over to counsel for Royal who deposited it in such counsel's escrow account. Schauwecker's Complaint, Ex. 3. She says that this check was used as earnest money for the asset purchase under the Agreement. On the basis of these allegations, Schauwecker first seeks a non-dischargeable judgment of $300,000 against Ascher to recover her investment. She also seeks a declaration that the assets obtained in the Agreement are held in constructive trust for the benefit of the Partnership.[2] She further demands a full accounting for all activities of the Corporation and the Leasing Partnership from the time when Royal's assets were acquired until the present.

The Trustee's response to Schauwecker and the *All American* plaintiffs is twofold. First, he denies that any plaintiffs own Corporation stock, and maintains that Ascher was the Corporation's sole shareholder when he filed in bankruptcy. He contends that the plaintiffs were merely investing in a tax shelter scheme which yielded tax deductions through a form of sale and lease-back arrangement. Ownership of the assets obtained from Royal was supposed to be transferred from the Corporation to the Leasing Partnership. Consideration for this transfer was the pledge of stock and the $300,000 check.[3] In the counterclaim against the *All American* plaintiffs, the Trustee implies that Ascher was unable to make this transfer because the *All American* plaintiffs seized the commercial laundry business and excluded him. If Trustee prevails, he will own all stock in the Corporation and contends that he would then have the right to operate and control the commercial laundry business.[4]

The Trustee also filed a counterclaim against the plaintiffs in *All American* and the instant conditional counterclaim against Schauwecker. In *All American*, Trustee

---

1. The pleadings are unclear as to who was the borrower on this loan.

2. Her complaint is unclear as to who currently holds title to the assets or who currently controls the commercial laundry business.

3. The Trustee's claims as to the use of the check and the loan are inconsistent. In his answers to the complaints, he admits that the loan and the check were used to acquire Royal's assets. However, in his counterclaim against the *All American* plaintiffs, he maintains that the loan was only used to buy the land where the laundry business was located.

4. His view of his obligations to the plaintiffs in the event of his victory are unclear.

has adopted the counterclaim filed by Ascher. Ascher alleged therein that the *All American* plaintiffs wrongfully took control and possession of the Corporation and the Premises where the laundry business is operated, and he sought to recover control. In his conditional counterclaim against Schauwecker, the Trustee claims that the seizure of control by the *All American* plaintiffs occurred in the ordinary course of the Leasing Partnership's business. Therefore, the Trustee asks Schauwecker to be held jointly and severally liable for the assertedly wrongful seizure because she is an alleged partner with the *All American* plaintiffs in the Leasing Partnership.

## MOTION FOR SUMMARY JUDGMENT

■ Schauwecker has moved for summary judgment based on the admissions of Ascher and the Trustee that Ascher was a partner with Schauwecker in the Leasing Partnership. As discussed below, since there is no genuine issue between Schauwecker and the Trustee as to this fact, Schauwecker is entitled to judgment on the conditional counterclaim as a matter of law unless the Trustee amends that counterclaim to seek a partnership accounting.

A further discussion of the pleadings related to this partnership issue is necessary to introduce the analysis. Schauwecker alleges, and both Ascher and the Trustee admit, that Schauwecker was a partner in the Leasing Partnership. Ascher admitted that he was also a partner in this partnership, but the Trustee denies in his answer to Schauwecker's First Amended Complaint that Ascher was a partner. The Trustee has, however, adopted Ascher's counterclaim against the *All American* plaintiffs which states in ¶ 21 that "a partnership was formed known as ALL AMERICAN LEASING" and that "ASCHER, BROGAN, KELLY and LONG were all partners with one another in said leasing entity." The "leasing entity" referred to in ¶ 21 is the Leasing Partnership. Therefore, the Trustee has indirectly admitted that Ascher was a partner of Schauwecker by admitting in related pleadings that Ascher and Schauwecker were partners in the Leasing Part-

nership until the Chapter 7 Trustee succeeded to Ascher's rights.

The *All American* plaintiffs never allege in their pleadings that Schauwecker is their partner. Furthermore, they have not responded in any way to Schauwecker's amended complaint, the answers to that complaint, the conditional counterclaim, or any of the summary judgment material. They only acknowledge Schauwecker as a shareholder in the Corporation in their complaint against Ascher and in their Joint Pre–Trial Statement. However, in the pleadings, it appears that only Schauwecker and the Trustee clearly agree or plead that she is a partner in the Leasing Partnership. This Agreement between the Trustee and Schauwecker is significant because the basis for Ascher's liability under the complaint and the basis for Schauwecker's asserted liability under the conditional counterclaim is her status as a partner in the Leasing Partnership. However, at this stage, the *All American* plaintiffs have remained silent in their pleadings on her role in the Leasing Partnership. While the *All American* plaintiffs and Schauwecker each seek accounting from Ascher (now from the Trustee) for their benefit, they are silent as to whether or not the plaintiff(s) in the other case are to share in such benefit in event of victory. Therefore, their complaint and her complaint are like two dark ships passing in the night without recognizing each other.

### Summary Judgment Standards

Under Fed.R.Civ.P. 56(c), Fed.R.Bankr.P. 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986);

*Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir.1990); *La Preferida v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 905 (7th Cir.1990). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513; *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355; *Billups v. Methodist Hosp. of Chicago*, 922 F.2d 1300, 1302 (7th Cir.1991). However, the existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir.1987).

A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motions, and must identify those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. However, once the motion for summary judgment is made and supported as described above, Rule 56(e) requires that a party opposing the motion may not rest upon the mere allegations or denials in his pleading; the response of that party must set forth specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356; *Randle v. LaSalle Telecommunications, Inc.*, 876 F.2d 563, 567 (7th Cir.1989). When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment should be granted. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

### *Partial Summary Judgment*

 Federal Rule of Civil Procedure 56(d) involves situations in which the motion does not lead to a judgment on the entire case, but only terminates further contest on a portion of the litigation. Be-

cause Rule 56(d) is part of the rule entitled "Summary Judgment", the order prescribed by this rule has been referred to as "partial summary judgment." C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2737 (2d ed. 1983 & Supp. 1987). Partial Summary Judgment is not possible in federal pleading unless it disposes entirely of one or more counts of the complaint. *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216 (7th Cir.1946); *Capitol Records, Inc. v. Progress Record Distrib.*, 106 F.R.D. 25, 28 (N.D.Ill.1985) (Getzendanner, J.); *Triangle Ink & Color Co., Inc. v. Sherwin–Williams Co.*, 64 F.R.D. 536, 537–38 (N.D.Ill.1974). The instant motion is governed by Rule 56(d) because judgment on the conditional counterclaim would entirely dispose of that counterclaim but would not dispose of the whole case or obviate the need for a trial on the underlying case.

### DISCUSSION

The conditional counterclaim against Ms. Schauwecker proceeds under a theory of partnership liability. The Illinois legislature has adopted the Uniform Partnership Act (the "Act"). *See* Ill.Rev.Stat., ch. 106½, ¶ 1 *et seq.* Sections 13, 14, and 15 of the Illinois Act are cited by the Trustee as a basis for Schauwecker's liability under the counter-claim. These paragraphs provide:

¶ 13 Liability of partnership for acts of partner

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

¶ 14 Misapplication of property of third persons

The partner is bound to make good the loss:

(a) Where one partner acting within the scope of his apparent authority re-

ceives money or property of a third person and misapplies it; and

(b) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.

¶ 15 Joint liability of partners—Partnership contracts

All partners are liable

(a) Jointly and severally for everything chargeable to the partnership under Sections 13 and 14.

(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract.

Also relevant to this litigation is ¶ 22(a) of the Act which provides that, "Any partner shall have the right to a formal account as to partnership affairs ... (a) If he is wrongfully excluded from the partnership business or possession of its property by his co-partners."

Schauwecker moves for summary judgment, claiming that there is no genuine issue of fact concerning whether Ascher is a partner in the Leasing Partnership. Section 6 of the Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit," and section 7 provides rules to determine whether or not a partnership exists. However, while the Act provides these guidelines, whether a person is a partner in a partnership remains a factual question. *Fitchie v. Yurko*, 212 Ill.App.3d 216, 156 Ill.Dec. 416, 423, 570 N.E.2d 892, 899 (2d Dist.1991) ("whether a partnership exists is generally a question of fact to be resolved by the fact finder"); *In re Marriage of Kamp*, 199 Ill.App.3d 1080, 146 Ill.Dec. 57, 59, 557 N.E.2d 999, 1001 (3rd Dist.1990) ("the existence of a partnership relation is a question of intent to be gathered from all the facts and circumstances").

■ The Trustee cites *Sharp v. Gallagher*, 94 Ill.App.3d 1128, 50 Ill.Dec. 335, 339, 419 N.E.2d 443, 447 (1st Dist.1981), *rev. on other grounds*, 95 Ill.2d 322, 69 Ill.Dec. 351, 447 N.E.2d 786 (1983), to ar-

gue that what constitutes a partnership is a question of law. While the question of whether the facts make an entity into a partnership is a question of law, the questions of whether that entity exists and who are the members of that entity are questions of fact. As shown below, those questions of fact are not at issue in here. Furthermore, no legal issues have been presented to contest that the Leasing Partnership was actually a partnership under the Act.

### Judicial Admissions of the Trustee

■ Schauwecker argues that no genuine issue exists concerning her partnership with Ascher because of the admissions of Ascher and the Trustee in their pleadings to allegations that Ascher and Schauwecker were co-partners in the Leasing Partnership. By admitting this fact, the Trustee has admitted to a relationship that constitutes an absolute defense to his conditional counterclaim against Ms. Schauwecker. The Court may take these allegations to be judicial admissions.

A judicial admission is "a formal admission in the pleading which has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988); *In re Applin*, 108 B.R. 253, 258 (Bankr. E.D.Cal.1989). This is because pleadings generally constitute "a statement of the pleader as to the occurrence of certain historical facts in the real world," *Hardy v. Johns–Manville Sales Corp.*, 851 F.2d 742, 746 (5th Cir.1988), and if both sides agree to that historical fact, then there is no issue as to that fact's existence. Pleadings are not treated as judicial admissions only when they are made in the alternative or are hypothetical in nature. *Id.* A Court may, in its discretion, accept or reject a judicial admission. *In re Applin*, 108 B.R. at 258.

Here pleadings on the partnership relationship were not made in the alternative, nor were they hypothetical. After reviewing the Trustee's statement under local District Rule 12 (which has been adopted as

a ruling of the Bankruptcy Court in this District), the Court finds no evidence supplied by him to support his contention that Ascher was not a partner in the Leasing Partnership. Therefore, the Court accepts the Trustee's admissions in his pleadings as a judicial admission. Since this issue is determinative of the conditional counterclaim as presently pleaded, it must be dismissed on summary judgment unless the fact pattern in the pleadings is altered by submissions in the summary judgment proceeding. C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1226. The Trustee has not succeeded in doing so. The movant has met her burden to show that she was Ascher's partner and no genuine issue of fact exists as to Ascher's partnership with her. Indeed, the Trustee has not revealed any evidence which might lead the Court to find that no such relationship existed. Therefore, there is no genuine issue of fact between these two parties as to Ascher's partnership with Schauwecker in the Leasing Partnership.

### Liability of Partners to Co-Partners under the Act

■ The partnership issue is determinative of the conditional counterclaim against Schauwecker as presently pleaded because liability under ¶ 13 of the Illinois Partnership Act is limited to loss or injury caused to "any person, not being a partner in the partnership." Therefore, partners cannot sue their fellow partners under ¶ 13 for acts which either occur in the ordinary course of the partnership's business or are authorized by the co-partners. The ability to sue one's co-partners was discussed in *Balcor Income Properties, Ltd. v. Arlen Realty, Inc.*, 95 Ill.App.3d 700, 51 Ill.Dec. 198, 420 N.E.2d 612 (1st Dist.1981). The traditional rule is,

> one partner cannot sue a co-partner on a matter concerning the partnership until there has been a final settlement of the partnership accounts.... The rationale behind the general rule is that resolution of disputes between partners on partnership matters usually entails a complete accounting in order to ascertain that the partner who claims some amount from

his co-partner is not in fact liable to his co-partner in connection with some other partnership debt.... Some older cases also refer to the rule that a party cannot be both plaintiff and defendant in an action at law.... Many cases have looked to the reasons for the general rule in defining exceptions to the rule; where the court has found the rule's rationale inapplicable, the rule has not been applied. (citations omitted) *Id.* at 701 [51 Ill.Dec. at 199], 420 N.E.2d at 613.

■ However, the Illinois court explained the rule further, saying, "a partner or a partnership can bring an action against a co-partner if the plaintiff's claim can be decided without a full review of the partnership accounts." *Id.* at 702, 51 Ill. Dec. at 200, 420 N.E.2d at 614. This is simply the traditional rule stated conversely. If the issue between partners can be decided without an accounting, one partner can sue the other. However, if such issue requires an accounting, that is the proper remedy to seek under § 22(a) of the Act.

In *Balcor*, the parties organized partnerships to acquire and manage shopping centers. The plaintiff had exclusive right to manage the properties, but it could employ an agent to provide management services. It hired its partner to provide these services. Later, the plaintiff sued its partner for mismanaging the properties. The court allowed the plaintiff to proceed because its suit could be resolved without a full accounting. *Id.* By contrast, in *Schlossberg v. Corrington*, 80 Ill.App.3d 860, 35 Ill.Dec. 936, 400 N.E.2d 73 (1st Dist.1980), the plaintiff sought to recover money which the defendant allegedly owed as capital contributions to the partnership. The court stated the traditional rule and held that plaintiff could not bring this suit without an accounting. *Id.* at 866, 35 Ill.Dec. at 940, 400 N.E.2d at 77.

■ Here the conditional counterclaim .can *not* be decided without an accounting. Ascher's alleged losses arise out of the assertedly wrongful seizure by the *All-American* plaintiffs of the Corporation and the premises where the laundry operations are housed. The legal theories in the coun-

terclaim against the *All–American* plaintiffs are conversion, breach of fiduciary duty, and conspiracy. Schauwecker contends that she and others own the Corporation and control the premises through the Leasing Partnership, while the Trustee alleges that the seizure of control occurred in normal course of the partnership's business. Both the counterclaim and the conditional counterclaim plead claims of wrongful exclusion from the business.

Section 22(a) of the Illinois Partnership Act specifically provides that the remedy for wrongful exclusion from a partnership business is an accounting. An accounting is the proper remedy for Ascher's claim that has been adopted by the Trustee. Therefore, the conditional counterclaim against Schauwecker must be dismissed unless it is accompanied by a demand for a partnership accounting. The Trustee demands an accounting in all three counts of his counterclaim against the *All–American* plaintiffs, but inexplicably makes no such demand against Schauwecker. Without request for a partnership accounting, Schauwecker cannot be held liable to Ascher under the Partnership Act for the alleged seizure.

The Trustee cites *Saikin v. New York Life Ins. Co.*, 45 Ill.App.3d 1019, 4 Ill.Dec. 477, 360 N.E.2d 413 (1st Dist.1977), for authority that Schauwecker is liable under ¶ 13 of the Act. In *Saikin,* New York Life Insurance sued one partner for losses incurred as a result of the forgeries of her co-partner. The court held that the forgeries occurred in the normal course of the partnership's business, and therefore, the partners were jointly and severally liable under ¶¶ 13 and 15 of the Act. *Saikin* has no application here since that case discussed liability to a non-partner, and this motion involves asserted liability to a co-partner.

### Compliance with Rule 12(e) of the Local Rules

■ The Trustee asks that the motion be denied because Schauwecker has not ade-

quately complied with Local District Rule 12(m). That rule requires motions for summary judgment under Fed.R.Civ.P. 56 to be accompanied by "a statement of the material facts as to which the moving party contends there is no genuine issue that entitle the moving party to judgment as a matter of law." The rule further provides that "[f]ailure to submit such a statement constitutes grounds for denial of the motion." Indeed, the Court may reject a summary judgment motion on the sole basis that such a statement has not been filed. *Grafman v. Century Broadcasting Corp.*, 762 F.Supp. 215, 219 (N.D.Ill.1991).

The only fact stated in Schauwecker's statement under Local District Rule 12 is that Ascher is a partner in the Leasing Partnership. This fact is supported with references to Paragraph 21 of the counterclaim adopted by the Trustee and Ascher's answer to Schauwecker's amended complaint.[5] The two other "facts" stated are merely legal assertions that partners are not liable to their co-partners under ¶ 13 of the Act, and that venue and jurisdiction are not in dispute. This statement is lean on details. However, it is adequate under Local District Rule 12. The Trustee had an opportunity to set forth facts showing that the relationship was not one of partnership, but he did not do so. The lack of a factual issue concerning Schauwecker's and Ascher's status as co-partners in the Leasing Partnership is therefore determinative, as a matter of law, of whether the Trustee may prevail on the conditional counterclaim as presently pleaded.

### Liabilities of Schauwecker and the All American Plaintiffs to One Another

An issue not raised by any party is the relationship of Schauwecker and the *All American* plaintiffs to each other. Schauwecker alleges that she is a partner in the

---

**5.** The Trustee maintains that this statement is a legal conclusion. Trustee's Statement of Genuine Issues (his Rule 12(f) statement), at ¶ 1. However, as pointed out above, the question of whether or not someone is a partner is first an issue of fact, then one of law. Therefore, an assertion that someone is a partner is a mixed question of fact and law.

Leasing Partnership and requests that the Corporation's stock be held in constructive trust for the benefit of the Leasing Partnership. Both Schauwecker and the *All American* plaintiffs demand an accounting, which is a settlement of all liabilities between the parties. Complete relief in either complaint cannot be accorded without the presence of all parties in the litigation. Therefore, it appears that the *All American* plaintiffs and Schauwecker may have to be joined as indispensable parties, whether plaintiffs or defendants, in each complaint pursuant to Fed.R.Bankr.P. 7019 (Fed.R.Civ.P. 19). Compare *VMS/PCA Ltd. Partnership v. PCA Partners Ltd.*, 727 F.Supp. 1167, 1171 (N.D.Ill.1989) (Rule 19 does not require the joinder of a partnership in an action between partners where all the partners are already before the court) with *Schmidt v. E.N. Maisel & Assoc.*, 105 F.R.D. 157 (N.D.Ill.1985) (one limited partner was required to join the other limited partners in suing the general partner). See also, 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 1613 ("under the [Uniform Partnership Act] all partners theoretically are indispensable parties in an action against the partnership and must be joined. Conversely, all partners should join in asserting a partnership claim under a contract"). The Court does not finally resolve this issue now. However, it is serious and clear enough to warrant action of the trial date and consideration of striking both complaints unless plaintiffs amend under Rule 7019.

### CONCLUSION

There is no genuine issue of fact concerning Ascher's partnership with Schauwecker in the Leasing Partnership. This fact is material because Schauwecker cannot be liable for the assertedly wrongful exclusion of her fellow partner from the business unless an accounting is demanded, and the Trustee has not demanded an accounting in his `conditional counter-claim. Therefore, Schauwecker's motion for summary judgment on the Trustee's conditional counterclaim against her must be allowed unless the Trustee amends. The Trustee's

conditional counterclaim must be stricken for failure to state a claim upon which relief can be granted. However, the Trustee is given time to amend his counterclaim to seek an accounting. In the meantime, final ruling on the motion for summary judgment will be held in abeyance.

Since the Trustee would have a colorable claim if his conditional counterclaim were accompanied by a demand for accounting, no judgment will presently be entered and Schauwecker's motion for Rule 11 sanctions will be denied.

In both cases, the Court will set a status date to consider whether the complaints must be amended to comply with Rule 7019. The trial date previously set will be vacated pending resolution of the pleading issues.