*In re* ESTATE OF MARGARET L. KREVCHENA, Deceased (Ella V. Hudson, Ex'r of the Estate of Harry Krevchena, Deceased, Plaintiff-Appellant, v. Margaret L. Krevchena, Deceased, *et al.*, Defendants-Appellees).

First District (1st Division)   No. 1—92—0256

Opinion filed March 15, 1993.

George M. Petrich, of Chicago, for appellant.

Robert Emmett Reidy, of Chicago, for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This is an appeal from a judgment of the circuit court granting defendant's motion to dismiss plaintiff's claim against defendant's estate. The court determined that plaintiff's claim was barred by the statute of limitations. Plaintiff argues on appeal that: (1) the trial court erred in determining that her claim was barred by the statute of limitations; and (2) the trial court abused its discretion by failing to grant plaintiff's claim where there were equitable defenses raised which tolled the statute of limitations.

Margaret Krevchena (Margaret) was the mother of Harry Krevchena (Harry). Harry died testate in April 1981 appointing his widow, plaintiff Ella Krevchena, as the co-executor of his estate. Margaret died testate in June 1990, appointing defendant Phillip A. Bataglia as executor of her estate. Among one of the assets in Margaret's estate was a farm located in Michigan.

On January 11, 1991, plaintiff, in her individual capacity, filed a claim against Margaret's estate alleging that Harry held an interest at his death in a partnership of which the Michigan farm was an asset. This claim was filed over nine years after Harry died. Plaintiff asserted in her claim that Harry continued to visit Margaret while Margaret was in a nursing home, and that after his death Margaret continued to use partnership assets with no resolution of Harry's rights to those assets, including the Michigan farm. Plaintiff further maintained that Margaret's mental and physical condition gradually deteriorated during this period, rendering it impossible for Margaret to discuss the matter of the farm. On April 15, 1991, Phillip, as executor of Margaret's estate, filed a motion to dismiss plaintiff's claim pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) arguing that the claim was not brought by the proper party and, in the alternative, that the claim be made more definite and certain.

Plaintiff filed a motion for leave to amend the claim in her capacity as executor, which motion was granted. The court also ordered plaintiff to answer the motion to dismiss and the alternative motion to make more definite and certain, which she did. In making her claim

more definite and certain, plaintiff admitted that the alleged partnership agreement was oral.

On July 18, 1991, defendant filed a second motion to dismiss plaintiff's amended claim, this time pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)), alleging that the action was not commenced within five years after the cause of action accrued. Defendant asserted that plaintiff had not filed the claim as provided by the statute of limitations for oral contracts, nor in accordance with section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—205). Defendant made no admission as to the existence, assets, rights, title or interests of the alleged partnership. On December 19, 1991, the trial court entered an order granting defendant's motion.

Plaintiff first argues that the trial court erred in dismissing the amended claim finding it barred by the statute of limitations. Plaintiff cites to *Stenwall v. Bergstrom* (1947), 398 Ill. 377, 75 N.E.2d 864, for the proposition that the statute of limitations is not dispositive of the issue of whether a complaint can be brought. In that case, the supreme court reversed the trial court's dismissal of a claim seeking an accounting and other relief. The trial court dismissed the suit on the basis that the action had not been filed within the period of the limitations act governing adverse possession, which at the time was seven years. The suit involved the validity of a deed, and defendant's motion to dismiss contained averments that the defendants had paid rent after the land was conveyed, and that representations had been made that the grantor's heirs had an interest in the land. The supreme court held that because the facts in plaintiff's amended complaint had been admitted by defendant in its motion to strike, the limitations act was not binding in that instance.

Plaintiff maintains that, as in *Stenwall*, so here, those facts in plaintiff's amended complaint are all admitted for purposes of defendant's motion to dismiss. Specifically:

1. Deceased continued to employ partnership assets after the death of her son, her only partner.

2. Deceased failed to wind up partnership affairs.

3. Plaintiff and deceased were in-laws, mother and daughter, and remained on cordial terms.

4. Discussion of business matters between them was difficult and deceased was forgetful, not always lucid or communicative, attributable to her old age.

5. Plaintiff's decedent contributed cash, services, labor and his rights under the G.I. Bill to the partnership for more than 30 years.

■ Defendant contends that there are only three relevant facts, undisputed and admitted. They include: (1) the date of Harry's death, which was April 8, 1981; (2) the date the claim was first filed in any court, which was January 11, 1991; and (3) the admission by plaintiff that the alleged partnership agreement was oral. Defendant asserts that under these circumstances the five-year limitations period set forth in the Code of Civil Procedure is applicable. Section 13—205 states:

> "Five year limitation. Except as provided in Section 2—725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11—13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." Ill. Rev. Stat. 1989, ch. 110, par. 13—205.

■ Defendant further asserts that under the Illinois Uniform Partnership Act (UPA) (Ill. Rev. Stat. 1989, ch. 106½, par. 31(4)), the dissolution of a partnership occurs upon the death of a partner, and that the time for bringing a claim for accounting upon the dissolution of an oral partnership commences upon the death of that partner. Section 43 states:

> "The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." Ill. Rev. Stat. 1989, ch. 106½, par. 43.

Defendant contends that the alleged partnership in this case was oral and that plaintiff's obligation was to bring the complaint for an accounting within the five-year statutory period. Defendant cites to *Leichtfeld v. Dornbaugh* (1950), 339 Ill. App. 281, 89 N.E.2d 752, for the proposition that an action for accounting involving a dissolved partnership must be brought within five years of the dissolution or the action is barred. In that case, a son and father allegedly had a partnership. The son died and a right to an accounting of the son's interest against the father as surviving partner accrued to the son's widow, as legal representative of his estate at that time. The court held that the widow's action for an accounting, which was not

brought until more than five years after the son's death, was barred by limitations.

Defendant further maintains that plaintiff's claim individually against defendant was filed over nine years after the cause of action accrued and that plaintiff's claim as executor was filed over 10 years after the cause of action accrued. Therefore, defendant argues that the trial court properly dismissed the case.

■ A motion to dismiss under section 2—619(a)(5) admits all facts well pleaded, and we must accept as true not only those facts, but all reasonable inferences therefrom. (*Suslick v. Rothschild Securities Corp.* (1987), 164 Ill. App. 3d 589, 517 N.E.2d 688.) Therefore, the court is to accept as true that Margaret continued to employ partnership assets after the death of her son, that Margaret failed to wind up partnership affairs, that plaintiff and Margaret were in-laws who maintained cordial relations, and that discussion of matters between them was difficult. However, under the Illinois Uniform Partnership Act (UPA) (Ill. Rev. Stat. 1989, ch. 106½, par. 34), the dissolution of a partnership occurs upon the death of a partner or judicial order. The term "dissolution" is defined in the UPA (Ill. Rev. Stat. 1989, ch. 106½, par. 29) as "the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." (*Schlossberg v. Corrington* (1980), 80 Ill. App. 3d 860, 400 N.E.2d 73.) Further, in the absence of any agreement to the contrary, a partner's right to an accounting occurs at the date of dissolution. (Ill. Rev. Stat. 1989, ch. 106½, par. 43.) Moreover, section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—205) establishes the limitations period within which actions must be brought. That section requires that civil actions not otherwise provided for shall be commenced within five years after the cause of action accrued.

■ In this case, the action for an accounting accrued upon the death of Harry, which occurred on April 8, 1981. This was the date upon which the partnership was dissolved. Section 43 of the UPA states that in the absence of any agreement, the right to an accounting brought by the representative of a deceased partner's estate shall accrue upon the date of dissolution. (Ill. Rev. Stat. 1989, ch. 106½, par. 43.) Therefore, when the two statutes are read together, plaintiff's right to bring an action for accounting arose in 1981, the date the partnership was dissolved as a result of Harry's death. Thus, a claim for accounting should have been filed by April 8, 1986. The claim here was not filed by the representative in her individual capacity until January 11, 1991, almost 10 years after the right accrued

and five years beyond the statute of limitations. A claim in her capacity as representative was not filed until June 24, 1991. Thus, on the face of the complaint, it is clear that plaintiff's right to bring an action for an accounting was barred by the statute of limitations.

Plaintiff next argues that the trial court erred in granting the motion to dismiss where defendant failed to wind up the partnership affairs as required by statute. Plaintiff specifically asserts that after Harry's death Margaret continued to use partnership assets and thereby received an unjust benefit. Plaintiff contends that even if the statute of limitations did not begin to run until Harry's death, it was tolled by Margaret's continued use of the partnership assets.

Defendant cites *In re Estate of Streck* (1962), 35 Ill. App. 2d 473, 183 N.E.2d 26, for the proposition that where the surviving partner continues to earn profits from the partnership business after the death of one partner, the profits earned from the use of the partnership property belong to the estate of the deceased partner. *In re Estate of Streck* is distinguishable from the instant case. That case involved a written partnership agreement which recited the duties of each partner to account, and stated that the profits after dissolution where the business continued must be shared in accordance with the UPA. More significantly, the action filed in *Streck* was filed within the limitations period. In actions for equitable relief where a suit is not filed until after the statutory time has lapsed, the party seeking relief must affirmatively explain in his complaint the reason for delay and, if unexplained, unreasonable delay will bar relief in equity. *Schlossberg v. Corrington* (1980), 80 Ill. App. 3d 860, 400 N.E.2d 73.

Plaintiff contends that no claim was brought against Margaret because Margaret and she maintained cordial relations during Margaret's lifetime. Plaintiff's argument is therefore based on equitable principles. Although plaintiff makes this equitable argument, she has not provided this court with any authority in support of this principle. Further, where a legal remedy is available for the same claim, a court of equity may look to the legal limitations period to determine if a cause of action is barred by *laches*. (*Rakstiene v. Kroulaidis* (1975), 33 Ill. App. 3d 1067, 339 N.E.2d 447.) In *Rakstiene*, the court stated that, "where the period of delay exceeds that legal limitation period, equity follows the law by adopting that limitation period as the period constituting laches as well." *Rakstiene*, 33 Ill. App. 3d at 1072.

Certainly, in cases where plaintiff's complaint alleges fraud or tortious misrepresentation, the statute of limitations begins to run on the date the fraud is discovered by plaintiff. (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656.) However, there is no authority for the

principle that where an executor of an estate does not file a claim against a third party because the relationship between the executor and third party remains cordial the statute of limitations is tolled.

For the above reasons, we find that the judgment of the trial court granting summary judgment in favor of defendant was proper.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.