NOTICE
Decision filed 01/06/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220286-U

NO. 5-22-0286

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ALAN HILMES, Individually, and as Limited Partner of the Sylvester Hilmes Limited Partnership Number One, a Dissolved Limited Partnership, | ) ) ) ) | Appeal from the Circuit Court of Clinton County. |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 21-MR-90 |
| GERMANTOWN TRUST AND SAVINGS BANK, as Administrator with the Will Annexed of Sylvester Hilmes, deceased; SANDRA A. HILMES, Individually, and as Independent Administrator of the Estate of Kenneth L. Hilmes, deceased; and COREY HILMES, KYLE HILMES, CHELSIE HOPKINS, and KELLY WIEGMANN, | ) ) ) ) ) ) ) ) ) | Honorable Stanley M. Brandmeyer, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Circuit court did not err in dismissing claims of plaintiff against the defendants on the bases of the expiration of the statute of limitations and the doctrine of *laches*.

¶ 2   The plaintiff, Alan Hilmes (Alan), appeals the March 28, 2022, order of the circuit court of Clinton County which dismissed his complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2020)). For the reasons that follow, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4     On September 8, 2021, Alan filed a verified complaint in the circuit court of Clinton County, naming Germantown Trust and Savings Bank, as Administrator with the Will Annexed of Sylvester Hilmes, deceased (Germantown Bank), Sandra A. Hilmes, Individually and as Independent Administrator of the Estate of Kenneth L. Hilmes (Sandra), Corey Hilmes (Corey), Kyle Hilmes (Kyle), Chelsie Hopkins (Chelsie), and Kelly Wiegmann (Kelly) as defendants. The complaint consisted of three counts.

¶ 5     The following allegations are common to all three counts of the complaint. On June 28, 1980, Sylvester Hilmes (Sylvester) formed an Illinois limited partnership[1] known and designated as the Sylvester L. Hilmes Limited Partnership Number One (the Partnership). The partnership consisted of Sylvester, who served as the sole general partner, and Alan and his brothers, Matthew Hilmes[2] (Matthew) and Kenneth Hilmes[3] (Kenneth), who were each designated as equal limited partners. According to the Partnership agreement, none of the limited partners made a monetary contribution to the Partnership.

¶ 6     The partnership owned real estate located in Clinton County, Illinois, including income-producing farmland. Pursuant to the terms of the Partnership agreement, net profits were to be divided equally between Alan, Matthew, and Kenneth.

---

[1]The Limited Partnership Agreement was attached to the complaint as exhibit 1.

[2]Matthew died on January 18, 2006. The complaint alleges, upon information and belief, that subsequent to Matthew's death, "Matthew's Estate and/or his heirs, devisees and legatees sold, transferred or otherwise conveyed Matthew's 33⅓% limited partnership interest to Sylvester."

[3]Kenneth died on March 25, 2007. The complaint alleges, upon information and belief, that following Kenneth's death, "Kenneth's 33⅓% limited partnership interest descended to his heirs as follows: 50% to his widow, Sandra A. Hilmes, and 50% equally to his four children, Corey Hilmes, Kyle Hilmes, Chelsie Hopkins, and Kelly Wiegmann, subject to administration of his Estate in 2008-P-39."

¶ 7     The agreement provided that Sylvester, as the general partner, was to furnish to the limited partners, within 90 days of the close of the calendar year, a "balance sheet for the Partnership and a full and detailed financial report on the business operations of the Partnership for and during the entire preceding year." Additionally, the agreement stated, "The Partnership shall commence as of the date of this Agreement and shall continue in existence until December 31, 2009, unless it is sooner terminated, liquidated, or dissolved as hereinafter provided."

¶ 8     In addition to these common allegations, the remaining allegations contained in counts I and III are almost identical. Count I is titled "Declaratory Judgment and Other Relief." Count I further alleged that at no time did Sylvester ever provide to Alan or his brothers an annual balance sheet or financial report regarding the Partnership, nor did Sylvester ever make a distribution of net profits of the Partnership to Alan or his brothers, and then alleged as follows:

"23. Following termination of the Partnership on December 31, 2009, Sylvester failed to:

a. advise Plaintiff that the Partnership was terminated.

b. make any accounting or provide any financial reports to Plaintiff.

c. make any distribution of net profits to Plaintiff.

d. make any distribution of partnership assets, including the real estate herein described, to Plaintiff.

e. take any steps to wind up, or in fact, dissolve the business of the Partnership as required by the Partnership Agreement (Exhibit 1) and the Act."

¶ 9     The complaint also alleged that following the termination of the Partnership on December 31, 2009, that Sylvester continued to act as the general partner and continued to manage and control the Partnership's assets, including selling the described real estate to Corey on February 14, 2020. Count I sought the following relief: (1) a judgment finding and declaring the Partnership

3

terminated December 31, 2009, by its own terms pursuant to the Partnership agreement, (2) an accounting by Germantown Bank of the acts and doings of Sylvester as sole general partner from June 28, 1980, to December 31, 2009, (3) an accounting by Germantown Bank of the acts and doings of Sylvester as sole general partner from January 1, 2010, to present, (4) judgment against the Estate of Sylvester Hilmes for such sums as may be found owing to Alan pursuant to said accounting, (5) recovery of attorney fees and costs, and (6) such other relief as the circuit court may deem appropriate.

¶ 10    Count III is titled, "Breach of Fiduciary Duty as to Defendant, Estate of Sylvester L. Hilmes, Deceased," and repeated the above allegations with the only addition being the assertion that Sylvester's actions were in willful and knowing disregard of his fiduciary duty. The only relief sought by count III was for punitive damages against the Estate of Sylvester Hilmes.

¶ 11    Count II is titled, "Quite Title." In addition to the common allegations, count II stated that "more than 10 years after the termination of the Partnership, a Limited Partnership Warranty Deed, recorded February 14, 2020, *** was executed by Sylvester L. Hilmes, purportedly as General Partner of the Sylvester Hilmes Limited Partnership Number One, as Grantor, to Corey Hilmes, as Grantee." It asserted that Sylvester had no lawful authority to purport to act as a general partner of the Partnership in 2020 or to convey the real estate to Corey. It is further alleged that "Defendant, Corey Hilmes, had actual knowledge that the Partnership had long since dissolved and that Sylvester had no authority to purport to convey Partnership real estate, and Defendant, Corey Hilmes, was not a bona fide purchaser for value." Count II sought the following relief: (1) an order finding and adjudging the deed to Corey to be null and void, (2) an accounting from Corey as to any profits earned from the property at issue, (3) an order quieting title, (4) recovery of costs, and (5) such other relief as may be equitable.

4

¶ 12    In response, all defendants filed combined motions to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). Each defendant asserted that the counts against them should be dismissed pursuant to section 2-619(a)(5) of the Code (*id.* § 2-619(a)(5)) because "the action was not commenced within the time limited by law." Additionally, Germantown Bank argued that Alan's claims should also be barred by the doctrine of *laches*.

¶ 13    Alan filed responses to the motions to dismiss. Germantown Bank filed a reply and brief in support of its motion. The circuit court conducted a hearing on the motions on February 22, 2022.

¶ 14    After considering the pleadings and oral arguments presented, the circuit court entered its order on March 28, 2022, which found as follows:

> "In construing the allegations made by Plaintiff [Alan] most favorably to the interests of the Plaintiff, the Court finds that the claims made herein by the Plaintiff violated the Statute of Limitation in as much as Plaintiff filed the within Complaint beyond the Limitation set out in 735 ILCS 5/13-206, as well as violating the equitable principle of *Laches*. Plaintiff's Complaint is dismissed pursuant to 2-619. Accordingly, the Court finds in favor of all Defendants, and against Plaintiff. All parties to bear their own costs. This is a final and appealable Order."

Alan filed a motion to reconsider the dismissal, which was denied on May 10, 2022. This timely appealed followed.

¶ 15                                  II. ANALYSIS

¶ 16    In the present case, the circuit court's order of March 28, 2022, dismissed Alan's three-count complaint pursuant to section 2-619 for two reasons. First, on the basis that the filing of the complaint occurred beyond the 10-year limitation period and, second, for violating the equitable

principle of *laches*. The circuit court's order did not indicate if these bases applied to all counts or if individual counts were dismissed for only one basis.

¶ 17    Our review of an order granting a motion to dismiss is *de novo*, regardless of whether the dismissal was pursuant to the statute of limitations or on the basis of *laches*. *Osler Institute, Inc. v. Miller*, 2015 IL App (1st) 133899, ¶ 24. We may affirm a dismissal on any basis present in the record. *Nesby v. Country Mutual Insurance Co.*, 346 Ill. App. 3d 564, 566 (2004). Our *de novo* review will analyze why each count was properly dismissed and the basis therefor.

¶ 18                                A. Statute of Limitations

¶ 19    First, we will review the section 2-619 dismissal on the basis of the statute of limitations. "A motion to dismiss under section 2-619(a)(5) admits all facts well pleaded, and we must accept as true not only those facts, but all reasonable inferences therefrom." *In re Estate of Krevchena*, 244 Ill. App. 3d 160, 164 (1993). Therefore, we will accept as true that a valid limited partnership was formed on June 28, 1980, and accept the terms set forth in the Partnership agreement.

¶ 20    Alan is seeking, among other things, accountings from the Partnership from June 29, 1980, until December 31, 2009, and from January 1, 2010, to the present. A partner's right to an accounting accrues at the date of dissolution unless there is an agreement to the contrary. *Cross v. O'Heir*, 2013 IL App (3d) 120760, ¶ 34; *In re Estate of Krevchena*, 244 Ill. App. 3d at 164; *Couri v. Couri*, 95 Ill. 2d 91, 100 (1983).

¶ 21    In this case, the terms of the agreement, as well as the allegations contained in Alan's verified complaint, establish the Partnership terminated on December 31, 2009. Further, the Partnership agreement states: "Within not more than ninety (90) days after the close of each calendar year of the Partnership, the General Partners shall furnish to all Partners a year ending

6

balance sheet for the Partnership and a full and detailed financial report on the business operations of the Partnership for and during the entire preceding year."

¶ 22   Applying the above provision with the 10-year statute of limitations for written contracts (735 ILCS 5/13-206 (West 2020)), the time for seeking an accounting expired on March 31, 2019. Alan's complaint seeking an accounting was barred by the expiration of the statute of limitations. Counts I and III were appropriately dismissed.

¶ 23                                    B. *Laches*

¶ 24   Now we turn to *laches* as the basis for the section 2-619 dismissal of count II of the complaint. The defense of *laches* "bars an action where, because of delay in bringing suit, a party has been misled or prejudiced or has taken a course of action different from what the party otherwise would have taken." *Senese v. Climatemp, Inc.*, 289 Ill. App. 3d 570, 578 (1997). Over time, Illinois courts have expanded the application of *laches* beyond only those actions arising in equity. *Valdovinos v. Tomita*, 394 Ill. App. 3d 14, 19 (2009). "For example, *laches* is now routinely applied in lawsuits simultaneously seeking both legal and equitable remedies" (*id.*), such as the case before us.

¶ 25   The determination of whether *laches* is applicable is dependent on the facts and circumstances of each case. *Tillman v. Pritzker*, 2021 IL 126387, ¶ 26. "There are two fundamental elements of *laches*: (1) 'lack of due diligence by the party asserting the claim' and (2) 'prejudice to the opposing party.' " *Id.* ¶ 25 (quoting *Van Milligan v. Board of Fire & Police Commissioners of the Village of Glenview*, 158 Ill. 2d 85, 89 (1994)).

¶ 26   A party "who has been guilty of a long delay in the assertion of a claim must plead circumstances in justification of such failure or suffer the consequences of not so pleading." *Beckham v. Tate*, 61 Ill. App. 3d 765, 769 (1978). Here, Alan failed to offer any justification for

7

his delay in bringing the present action. Once the Partnership terminated on December 31, 2009, Alan could have initiated an action to force the winding up of the Partnership, but he failed to do so. If he would have acted diligently, the Partnership assets could have been distributed and/or disposed of as part of the winding up process.

¶ 27　Next, we consider whether the opposing party, Corey, has been prejudiced by the delay in bringing the action. We find that he was prejudiced and *laches* applies. Corey purchased the real estate at issue and was issued a Limited Partnership Warranty Deed by Sylvester on February 13, 2020. Corey incurred risks and obligations as a result of this purchase. Sylvester died the following year on March 5, 2021. We may also consider that "the rule of *laches* is particularly applicable where the difficulty of doing entire justice arises through the death of parties to the transaction complained of." *Pyle v. Ferrell*, 12 Ill. 2d 547, 555 (1958). Alan's failure to complain of this transaction until after his father's death also prejudiced Corey. In light of Alan's knowledge of Sylvester's advanced age, as well as Alan's perception that the conveyance was impermissible, it is particularly egregious that Alan did not avail himself of the opportunity to bring this action sooner, and to thus attempt to preserve testimony or other evidence from Sylvester that is no longer available. Thus, because the doctrine of *laches* applies barring count II of the plaintiff's complaint, we affirm the circuit court's dismissal of count II.

¶ 28　　　　　　　　　　　　　III. CONCLUSION

¶ 29　For the foregoing reasons, the order of the circuit court of Clinton County, dismissing the plaintiff's complaint, is affirmed.

¶ 30　Affirmed.